IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,　　　　　　　　No. CIV S-09-0529-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　ORDER

J.W. HAVILIN,

　　　　Defendant.

_____/

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1). Also before the court are plaintiff's motion to vacate a prior order requiring monthly payments of the statutory filing fee (Doc. 11), and plaintiff's "Amended Petition" (Doc. 12).

/ / /

/ / /

/ / /

/ / /

1

On April 14, 2009, the court directed plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to state a cognizable claim under § 1983. In that order, the court stated:

> Plaintiff claims that he was denied due process in the context of a prison disciplinary hearing which resulted in, among other things, the loss of 121 days of credits. Plaintiff seeks restoration of these credits. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.
>
> Because plaintiff seeks restoration of lost credits, his claim is not cognizable under § 1983. It appears that plaintiff realizes that his claim sounds in habeas given that he attaches to the complaint a state court order denying habeas corpus relief. Plaintiff simply chose the wrong type of action when filing in this court. This action should be dismissed without prejudice to plaintiff filing a habeas corpus action under § 2254.

///

In response, plaintiff filed in this docket an "Amended Petition" pursuant to 28 U.S.C. § 2254. He also filed a motion to vacate the order requiring payment of the $350.00 statutory filing fee for § 1983 cases.

It is clear from plaintiff's filings in this case subsequent to issuance of the April 14, 2009, order to show cause that plaintiff agrees with the court's analysis. However, as the court previously informed plaintiff, this action cannot be converted into a proper action under § 2254 to challenge the disciplinary finding and loss of credits. Plaintiff must file a separate action. In the interest of justice, the court will direct the Clerk of the Court to file plaintiff's "Amended Petition" as a separate action. The court will also vacate the March 19, 2009, order requiring payment of the $350.00 filing fee for this action. Plaintiff will be responsible for the filing fee for the new habeas action which will be opened based on plaintiff's "Amended Petition."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (Doc. 11) to vacate the payment order is granted;

2. The March 19, 2009, order is vacated;

3. The Clerk of the Court is directed to open a new 28 U.S.C. § 2254 habeas corpus action based on plaintiff's filing at Doc. 12 in this docket;

4. This action is dismissed;

5. The Clerk of the Court is directed to enter judgment of dismissal and close this docket;

6. The Clerk of the Court is directed to serve a copy of this order on the California Department of Corrections and Rehabilitation at 1515 'S' Street, Sacramento, California 95814; and

/ / /

/ / /

/ / /

7. The Clerk of the Court is directed to serve a copy of this order on the Financial Department of the court.

DATED: May 19, 2009

　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE